## LOWMAN v. LOWMAN.

INTEREST—LEGACIES—EXECUTOR.—Where an executor devisee is directed to pay certain legacies out of a devise to him, after the payment of testator's debts, which should be paid "as soon as can be conveniently done after my decease," in absence of proof of special difficulty or complications, the law regards one year as sufficient to collect assets and pay debts, and executor is chargeable with interest on legacies after one year.

Before F. B. GARY, special Judge, Lexington, January, 1904. Affirmed.

Action by Samuel E. Lowman, executor of Isaiah Lowman, against Wm. J. Lowman *et al.* From Circuit decree, plaintiff appeals.

*Messrs. Efird & Dreher,* for appellant, cite: *As to interest on legacies:* 13 Rich. Eq., 184; 1 McC. Eq., *151; 1 Bail. Eq., *274; Rich. Eq. Cas., 347; 2 Rich. Eq., 68; 7 Rich. Eq., 328; 2 Hill Ch., *146.

*Mr. G. T. Graham,* contra, cites: *As to construction of term "convenient:"* 6 Ves., 520; 8 Ves., 547; 1 McC. Eq., 149, 405; 25 S. C., 23; 21 S. E., 195; 3 S. E., 29. *Executor should pay interest on legacies:* 1 McC. Eq., *403; 2 DeS., 592; 3 DeS., 555; 3 S. E., 29. *Interest should not commence to run at time he could have borrowed the money:* 1 McC. Eq., *149, *405.

August 13, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Isaiah Lowman died in 1893, leaving a will of which the plaintiff qualified as executor. The effect of two clauses of the will is involved in this appeal:

"First. I direct that my son, Samuel E. Lowman, shall pay my funeral expenses and all my just debts and liabilities as soon as can be conveniently done after my decease.

"Second. I give, bequeath and devise to my son, the said Samuel, the eastern portion of my land, on which I reside, * * * and whatever said land contains in acres, is hereby valued at ten dollars per acre, and after all my just debts are paid by my said son, Samuel, then it is my will that the remainder of the amount of money, in accordance with said valuation, shall be equally distributed between all my children. * * *"

The plaintiff, Samuel E. Lowman, went into immediate possession of the land, and in doing so assumed the obligation to pay the debts as soon as this could be conveniently done, and then to pay the legacy of each of testator's children. The Circuit Judge charged the plaintiff with interest on the share of each child from the expiration of one year after testator's death to the commencement of this action for the settlement of the estate. Plaintiff appeals.

It is true, the plaintiff was only required to pay debts as soon as it could be conveniently done, but he was not made the arbitrary judge of what was convenient time. In the absence of proof of special difficulty or complication, the law regards one year a sufficient period to collect assets and pay debts. Here the assets were in the hands of the executor, and the liabilities of the estate small and furnishing no real ground for dispute. The plaintiff testifies he could not raise the money to settle his liability, but does not speak of any effort he made to do so. On the contrary, he refused to borrow money when offered to him for the purpose of settling up the estate. He has all the time had the possession and use of the land devised to him. The charge of interest

is plainly just and equitable, and it was properly not limited to the time when the plaintiff was offered the loan of money to settle the estate.

The judgment of the Court is, that the judgment of the Circuit Court be affirmed.